# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 204 | **DATE** | 7/16/2001 |
| **CASE TITLE** | | Miller vs. Ford | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss is granted as to Counts II, III, and V, and denied as to Count I. Discovery is ordered closed on 12/31/01. Any dispositive motion to be filed by 1/31/02. Pretrial order will be due by 2/28/02; and response to any motions in limine by 3/14/02. Pretrial conference set for 3/29/02 at 4:00 p.m. Trial set for 4/15/02 at 9:30 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 5 |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JUL 1 7 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | cm |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 7/16/2001 |
| MPJ | courtroom deputy's initials | 01 JUL 16 PM 6: 16 | date mailed notice |
| | | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

Document Number 25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY MILLER,                    )
                                )
            Plaintiff,          )
                                )
                                )    No.  01 C 0204
      v.                        )
                                )
FORD MOTOR COMPANY,             )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

Gary Miller was employed by Ford Motor Company ("Ford") at the Ford Chicago Assembly Plant ("the plant") for twenty-six years. In 1998 he was working as the head of security, but he was fired on September 18, 1998, in the wake of internal investigations into a series of "sex parties" held by employees on the grounds of the plant. Mr. Miller was not present at the parties or at work when they occurred, and did not know about them until after the fact. He cooperated in the investigations, but he was fired for knowing about the parties and failing to prevent them. Ford was involved in a number of lawsuits alleging sexual harassment at the plant, some of which involved allegations about the sex parties. Mr. Miller claims that he was fired as a scapegoat so that Ford could demonstrate that it was taking remedial actions for the purposes of the other lawsuits. He sued originally in state court, alleging wrongful termination without cause, wrongful termination in violation of public policy, breach of contract, and negligence. Ford removed to federal court on the basis of diversity

jurisdiction and moved to dismiss all claims. The motion is granted in part and denied in part.

On a motion to dismiss, I accept all factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000). Dismissal is appropriate only if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief. *Id.* Ford asks me to strike Mr. Miller's "extraneous facts" in his brief and the attached exhibits. Ordinarily, I may not consider matters outside of the pleading in ruling on a motion to dismiss, but a plaintiff may supplement the complaint with factual narration in an affidavit or brief in order to make out a claim. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). Therefore I consider Mr. Miller's factual narration in his brief, though I exclude the depositions from other cases that he attaches.

Ford initially argues that Mr. Miller's negligence and retaliatory discharge claims are barred by the two-year statute of limitations, 735 ILCS 5/13-202, because the summons was filed in December 2000, more than two years after Mr. Miller was fired in September 1998. An action is commenced under Illinois law when the complaint is filed, not when it is served. *Peoples Gas Light & Coke Co. v. Austin*, 497 N.E.2d 790, 796 (Ill. App. Ct. 1986). Ford was not served until December 12, 2000, but Mr. Miller's complaint

alleges that he was fired on September 18, 1998, and in his brief in response to Ford's motion to dismiss, Mr. Miller states that he filed his state court complaint on September 15, 2000. Ford has not responded to this allegation in its reply (the court record does not identify the date of filing of the state court complaint). Since Ford has not contested this statement, I will assume it is true. (If not, Ford has ten days from the date of this opinion to file papers showing a later filing.) Assuming that there is no contest about the filing date, the statute of limitations does not bar Mr. Miller's negligence or retaliatory discharge claims.

Ford moves to dismiss Count I (wrongful termination without cause) because it argues that Mr. Miller was an at-will employee and therefore could be fired for "any reason, good cause or not, or no cause at all." *See Crenshaw v. DeVry, Inc.*, 526 N.E.2d 474, 476 (Ill. App. Ct. 1988). Under Illinois law, an employer-employee relationship without a fixed term is presumed to be an at-will relationship. *Ahlgren v. Blue Goose Supermkt., Inc.*, 639 N.E.2d 922, 926 (Ill. App. Ct. 1994). Ford asks me to assume that Mr. Miller was an employee at will, but on this motion to dismiss I must draw all inferences in favor of Mr. Miller and assume that he could rebut the at-will presumption with evidence that he and Ford contracted for employment for a fixed term. *See id.* If so, Mr. Miller is entitled to develop his claim that Ford did not have

cause to fire him based on his role in the parties.[1]

In the alternative, if the relationship was at will, Mr. Miller claims that his discharge violated public policy (Count II). Illinois recognizes "a limited and narrow tort of retaliatory discharge as an exception to the general rule of at-will employment." *Jacobson v. Knepper & Moga, P.C.*, 706 N.E.2d 491, 492 (Ill. 1998). To state a claim for retaliatory discharge, a plaintiff must demonstrate that (1) he was discharged in retaliation for his actions, and (2) the discharge is in contravention of a clearly mandated public policy. *Id.* at 493. Mr. Miller claims that his discharge violated public policy because Ford used him as a scapegoat to make Ford look good in pending sexual harassment lawsuits, and that Federal Rule of Civil Procedure 11 and Illinois Supreme Court Rule 137 establish a "public policy against the assertion of defenses which are specious, fabricated or which are not well grounded in fact." He also argues that Title VII and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), create a public policy of prompt investigation of sexual harassment claims and appropriate remedial measures. But Illinois courts have only recognized retaliatory discharge claims in two contexts: where an employee is fired (1) for filing, or in

---

[1] Of course, Ford can reassert its claim of at-will employment, if supported by uncontradicted evidence, in a motion for summary judgment. Since this does not seem likely to be a contested fact one way or the other, such a motion may be appropriate at this stage of the litigation.

anticipation of filing, a claim under the Illinois Workers Compensation Act; and (2) in retaliation for reporting illegal or improper conduct, i.e., "whistleblowing." *Jacobson*, 706 N.E.2d at 493. Because workers compensation is not implicated here, Mr. Miller's only recourse is to show that he was fired for being a whistleblower. He says that he repeatedly asked for better equipment, personnel and resources during his four years as head of security, that Ford repeatedly denied his requests, and that Ford was looking for a reason to fire him. His argument heading says that he reported "safety concerns and improper conduct," but even viewed in the light most favorable to Mr. Miller, the facts he provides do not state a claim for whistleblowing. Count II is dismissed.

Mr. Miller also seeks to recover for breach of the implied covenant of good faith and fair dealing (Count III). He says that, because Ford did not adequately investigate his role in the parties and because it used him as a scapegoat, it fired him in bad faith. If his employment was at will, he fails to state a claim. *See Harrison v. Sears, Roebuck & Co.*, 546 N.E.2d 248, 256 (Ill. App. Ct. 1989) (rejecting cause of action for breach of covenant of good faith and fair dealing in at-will employment setting). If he had a contract for employment that was not at will, the good faith and fair dealing claim would be subsumed by his claim for wrongful termination without cause, which is essentially a claim for breach

of the employment contract. *See National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co., Inc.*, 832 F. Supp. 227, 232 (N.D. Ill. 1993) (holding that breach of implied covenant of good faith and fair dealing is not a cause of action independent of breach of contract). The allegations that Ford used Mr. Miller as a "scapegoat" when it terminated him in bad faith based on false, fabricated or no evidence at all also appear in Count I, so Count III is dismissed because it fails to state an independent cause of action. *See id.* at 233.

Finally, Mr. Miller brings a claim for negligence in the investigation that led to his termination (Count V[2]). Illinois courts do not recognize a cause of action for negligent investigation in at-will employment relationships. *See Jones v. Britt Airways, Inc.*, 622 F. Supp. 389, 394 (N.D. Ill. 1985); *see also Spann v. Springfield Clinic*, 577 N.E.2d 488, 489 (Ill. App. Ct. 1991) (rejecting claim that at-will employee was entitled to redress where she was discharged based on mistaken conclusions of a faulty investigation). I was unable to find any Illinois cases suggesting that there is a cause of action for "negligent investigation" even when there is a non-at-will employment relationship. Federal courts have no power to create state law, and "a federal court must be careful to avoid the temptation to impose upon a state what it, or other jurisdictions, might consider

---

[2] There is no Count IV in Mr. Miller's complaint.

to be a wise policy." *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1093 (7th Cir. 1999). Ford's motion to dismiss is GRANTED as to Counts II, III, and V, and DENIED as to Count I.

ENTER ORDER:

_____

**Elaine E. Bucklo**
United States District Judge

Dated: July _16_, 2001