# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 204 | **DATE** | 3/24/2003 |
| **CASE TITLE** | Miller vs. Ford Motor Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment (49-1) on count I. The court having previously dismissed all other counts of plaintiff's complaint, judgment is entered on count I in favor defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 25 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 3/24/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY MILLER, )
)
       Plaintiff, )
)
v. )
) No. 01 C 204
FORD MOTOR COMPANY, )
)
       Defendant. )
)

DOCKETED
MAR 2 5 2003

**MEMORANDUM OPINION AND ORDER**

Gary Miller was employed by Ford Motor Company ("Ford") at the Ford Chicago Assembly Plant ("the plant") for twenty-six years. In 1998 he was working as the head of security, but he was fired on September 18, 1998, in the wake of internal investigations into a series of "sex parties" held by employees on the grounds of the plant. Mr. Miller was not present at the parties or at work when they occurred, and did not know about them until after the fact. He cooperated in the investigations, but he was fired for failing to prevent the parties. Ford was involved in a number of lawsuits alleging sexual harassment at the plant, some of which involved allegations about the sex parties. Mr. Miller claims that he was fired as a scapegoat so that Ford could demonstrate that it was taking remedial actions for the purposes of the other lawsuits. He sued originally in state court, alleging wrongful termination without cause, wrongful termination in violation of public policy, breach of contract, and negligence. Ford removed to federal court



on the basis of diversity jurisdiction and moved to dismiss all claims. This motion was granted as to all claims except the claim for wrongful termination without cause. Ford has now moved for summary judgment on that claim. I grant the motion.

Mr. Miller argues, pro se, that various oral representations were made to him which transformed his contract for employment at will into a contract for permanent lifetime employment. However, regardless of the content of these statements, oral contracts for lifetime employment are barred by the Illinois Statute of Frauds. *McInerney v. Charter Golf Inc.*, 176 Ill. 2d 482, 490 (1997) (citing 740 ILCS 80/1). On facts involving a much more explicit oral contract than Mr. Miller alleges, the Illinois Supreme Court wrote that such a contract "inherently ... anticipates a relationship of long duration-certainly longer than one year" and is unenforceable. *Id.* Further, part performance by the parties "will not take the case out of the statute of frauds." *Id.*, 492. Thus, Ford's representations to Mr. Miller cannot create a contract for permanent employment.

Miller also argues that Ford's written policies created a lifetime employment contract. Statements in employee handbooks may create enforceable contractual rights where traditional contract elements are present. *Duldulao v. St. Mary of Nazareth Hospital*, 505 N.E.2d 314, 318 (Ill. 1987). First, the text of the statement must be clear enough that an employee would reasonably believe that

an offer for permanent employment had been made. Second, the statement must be distributed to the employee in such a manner that the employee is made aware of its contents and reasonably believes an offer has been made. Third, the employee must accept the offer by beginning or continuing to work after learning of the statement. *Id.* After a thorough review of Ford's handbook and statement of policies, the Industrial/Employee Relations Administration Manual ("IRAM"), I was unable to find any promises which meet this test of enforceability. At best, the document contains vague statements of intention which fall far short of the language found by other courts to create a contract. *See id.* at 316 (finding a contract where the handbook distinguished between "probationary" and "permanent" employees and stated that the latter could be terminated only with "proper notice and investigation"); *Robinson v. McKinley Cmty. Servs., Inc.*, 19 F.3d 359, 361-62 (7th Cir. 1994) (finding a contract where an employer's offer letter and manual referred to "tenure" and "permanent employment" and outlined a procedure for suspending that status for cause prior to termination); *Vajda v. Arthur Andersen & Co.*, 624 N.E.2d 1343, 1345 (Ill. App. Ct. 1993) (finding a contract where a partner of the employer firm admitted to a company policy of requiring good cause for discharge, as described in a procedural manual).

It is especially difficult for Mr. Miller to argue that he reasonably believed that the IRAM granted him a lifetime employment

3

contract in light of the contract he signed when he accepted his job in 1972. That document stated, in part, "I understand that my employment ... may be terminated at any time, without advance notice, by either myself or my employer." After signing such a document, it is not reasonable to believe that one is a tenured lifetime employee.

Furthermore, the IRAM contains a prominent disclaimer. On page 2 of the introduction to Volume II, which covers salaried workers such as Mr. Miller, the IRAM states, in a set-off paragraph, "Nothing in this manual is intended to create or constitute an employment agreement with any employee ... The contents of this manual shall not, under any circumstances, be deemed to be part of any employment agreement with any employe [sic]." Some Illinois courts have chosen not to enforce disclaimers when they were, for example, listed under a section headed "Revisions" and buried on page 38 of the handbook. *Hicks v. Methodist Med. Ctr.*, 593 N.E.2d 119, 121 (Ill. App. Ct. 1992). But the ERAM's express and unobscured disclaimer, uncontradicted by any clear promises elsewhere in the manual, indicates that the *Duldulao* test has not been met. *See Border v. City of Crystal Lake,* 75 F.3d 270, 274 (7th Cir. 1996); *Long v. Ill. Mun. Elec. Agency*, 90 F. Supp. 2d 181, 189 (C.D. Ill. 2000).

The record leaves little doubt that Mr. Miller was a faithful and valuable employee and that he was callously discarded by Ford.

4

Unfortunately, the law offers him no remedy. The motion for summary judgment is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated:   March 24, 2003